[No. 6781. Decided September 5, 1907.]

## In Re WESTERN AVENUE.

## THE CITY OF SEATTLE, *Respondent*, v. PUGET SOUND IMPROVEMENT COMPANY *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENT OF BENEFITS—METHOD OF ASSESSMENT. An assessment of benefits, to be made according to benefits received, is not erroneous from the fact that the commissioners considered the value of the respective lots, and assessed some of them higher than others in the same vicinity, the percentage of benefit upon the values being the same, where that was only one of the elements taken into consideration in estimating the benefits, and where it is not shown that the lots in question were assessed more than they were benefited and more than their proportionate share of the cost of the improvement.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 12, 1906, confirming an assessment roll for local improvements, after a hearing on the merits upon objections of property owners. Affirmed.

*Peters & Powell* and *Harold Preston*, for appellants.
*Scott Calhoun* and *Elmer E. Todd*, for respondent.

PER CURIAM.—The city of Seattle established a street between Virginia and Pike streets, in that city, calling the same Pike Place. The cost of the improvement was $125,000. The statutory board of commissioners was appointed by the court to assess the costs of the improvement upon the property bene-

[1]Reported in 91 Pac. 548.

fitcd.   The commissioners charged to the city at large $15,-000, and apportioned the balance upon private property, making return thereof as required by the order appointing them. At the hearing had on this return, a number of property owners appeared and objected to the assessment made against their respective properties, contending, among other things, (1) that it was not made in accordance with benefits, but in proportion to its market value; and (2) that the assessments, as made against their respective properties, greatly exceed the benefits conferred.   The trial court heard evidence on the objections, found therefrom that they were not well founded, and confirmed the roll.   The objectors named in the title appeal, and assign as error the ruling of the court on the objections above cited.

With reference to the first objection, commissioner Wateman did testify that one of the elements taken into consideration in estimating benefits was the value of the particular lot under consideration, and he pointed out that the reason why certain lots were assessed in excess of certain others lying in the same vicinity was because they exceeded in value the others; the excess in the amount of the assessment being due to the excess of value of the one over the other, the percentage of benefit being the same in each case.   The appellants argue that this is assessing according to market value, and not according to benefits, the manner contemplated by the statute. We do not think, however, that this is a just criticism of the action of the commissioners.   As we understand the evidence, the assessment was not based entirely upon values—that is, the commissioners did not merely make an estimate of the values of the different lots thought by them to be benefited by the improvement, and then apportion the charge among the lots on a percentage basis—but we understand that value was only one of the elements taken into consideration in estimating benefits; that they not only considered this, but considered all such other elements as appeared to them to enter into the question. There can be no valid objection to this method of proceeding,

as certainly the value of a given tract is proper to be taken into consideration with other elements in determining what proportion of an assessment such tract shall bear. But if this were not so, the question would not be very material. The commissioners are chargeable with the result of their work, and not with the manner by which they arrive at that result. If the return itself does not show that the premises of the objector are assessed more than they are benefited, and more than their proportionate share of the cost of the improvement, the objector is not injured, and hence it is of no moment to him what process the commissioners employed in order to arrive at the result reached by them.

On the question of the excessiveness of the assessment against the property of the objectors, we find the evidence irreconcilably conflicting. But after a painstaking examination of it, we are unable to say that the roll as returned is inequitable or unjust, or that the objectors' properties have been assessed more than they have been benefited, or more than their just proportion of the cost of the improvement.

The judgment confirming the assessment roll should be affirmed, and it is so ordered.