[No. 7258. Decided September 24, 1908.]

IN RE SEATTLE.

THE CITY OF SEATTLE, *Respondent*, v. METEOR LAND
COMPANY *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—BENEFITS—APPEAL—RE-
VIEW. The decision of the commission, appointed to determine the
proportion of benefits received by property from a local improve-
ment, in determining the property to be assessed and apportioning
the costs involves questions of fact and largely of opinion, and the
same will not be disturbed on appeal merely because differences of
opinion arise.

SAME—MODE OF ASSESSMENT. An assessment for local improve-
ments required to be made in proportion to the benefits received, is
not invalid because made in accordance with the value of the prop-
erty, where the commission determines that the benefits received
were in proportion to such value.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered October 11, 1907, confirming an
assessment roll, after a hearing before the court on the merits.
Affirmed.

*William L. Waters*, for appellant Meteor Land Co.

*W. J. Daly*, for appellant Monidah Trust.

*Scott Calhoun* and *King Dykeman*, for respondent.

PER CURIAM.—This is an appeal by certain property
owners from a judgment confirming the assessment roll in a
condemnation proceeding instituted by the city of Seattle,
under Ordinance No. 14,345, for the widening of Third ave-
nue, in that city.

The appellant Meteor Land Company assigns as error the
failure of the eminent domain commission to assess a portion
of the cost against the general fund of the city, the failure to
assess a portion of the cost against property without the

[1]Reported in 97 Pac. 444.

assessment district created by the commission, and the assessment of certain property within the district less than its proportionate share of the cost. These several assignments present matters of fact and largely matters of opinion. In this class of cases, opinions will differ widely as to the proper boundaries for an assessment district, and as to the benefits to accrue to the different properties within the district; but this court cannot substitute its judgment for the judgment of those whom the law has charged with the duty of establishing the district and apportioning the cost, whenever such difference of opinion may arise. As said in *In re Seattle*, 46 Wash. 63, 89 Pac. 156:

"The questions suggested by the objections cited, it will be noticed, are principally questions of fact, and questions, moreover, which are incapable of solution with mathematical exactness, and into which the judgment and opinion of the individual or individuals who undertake their solution must largely enter. It is not difficult, therefore, to find persons who will take issue with the judgment of the persons who make the assessment, and who will testify to the incorrectness of the assessment as returned. The record in this case discloses a variety of opinions, but we do not think the evidence in favor of the objections overbalances the evidence in support of the return."

The appeal of the Monidah Trust is based upon assignments similar to those we have considered, and upon the further assignment that the assessment was levied under a mistake of law. The contention that the assessment was levied under a mistake of law is founded on the claim that the assessment is based upon the value of the property rather than upon the resulting benefits. We do not think that the record bears out this contention. True, the assessment is based largely upon values just as other assessments are based upon frontage. But this course was adopted because the commissioners were of opinion that the benefits to the property within the district were in proportion to the value of the property. This court is concerned with the result of the

commission's labors, rather than with their mode of pro-
cedure.   In answer to a similar complaint in *In re Western
Avenue*, 47 Wash. 42, 91 Pac. 548, we said:

"The appellants argue that this is assessing according to
market value, and not according to benefits, the manner con-
templated by the statute.   We do not think, however, that
this is a just criticism of the action of the commissioners.
As we understand the evidence, the assessment was not based
entirely upon values—that is, the commissioners did not
merely make an estimate of the values of the different lots
thought by them to be benefited by the improvement, and
then apportion the charge among the lots on a percentage
basis—but we understand that value was only one of the ele-
ments taken into consideration in estimating benefits; that
they not only considered this, but considered all such other
elements as appeared to them to enter into the question.
There can be no valid objection to this method of proceeding,
as certainly the value of a given tract is proper to be taken
into consideration with other elements in determining what
proportion of an assessment such tract shall bear.   But if
this were not so, the question would not be very material.
The commissioners are chargeable with the result of their
work, and not with the manner by which they arrive at that
result.   If the return itself does not show that the premises
of the objector are assessed more than they are benefited,
and more than their proportionate share of the cost of the
improvement, the objector is not injured, and hence it is of
no moment to him what process the commissioners employed
in order to arrive at the result reached by them."

The findings of the commission and of the court below are
supported by the evidence, and the judgment is accordingly
affirmed.