[No. 7980.   Department Two.   July 29, 1909.]

*In the Matter of the Improvement of* ELLIOTT AVENUE AND
MILWAUKEE STREET, SEATTLE.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—BENEFITS—APPEAL—RE-
VIEW. The assessments of benefits from a local improvement, made
by the commission appointed for that purpose, will not be disturbed
on appeal where there were differences of opinion and conflicting
evidence; and it is immaterial that the ownership of several lots was
taken into consideration if the commission arrived at the correct
result.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered September 10, 1908, confirming
an assessment roll, after a hearing before the court on the
merits.   Affirmed.

*Carkeek & McDonald* and *Peters & Powell*, for appellants.
*Scott Calhoun* and *King Dykeman*, for respondent.

MOUNT, J.—This appeal is from an order confirming an
assessment roll in an improvement district in the city of Seat-
tle.   The appellants owned certain lots in block 29, of North-
ern Addition.   They objected to the assessment against their
lots for the reason that the same were excessive, unequal and
arbitrarily made.   These objections were heard upon evi-
dence introduced, and were overruled by the court.   Appel-
lants assign error of the court in not sustaining their objec-
tions to the roll, and in admitting evidence that appellants
each owned several adjoining lots in the block, and that this
fact was considered by the commissioners in making the assess-
ment.

The record shows conclusively that the improvement was of
benefit to this block No. 29.   The fact of benefit is not dis-
puted, but it is claimed that the lots in this block are assessed
higher than lots in other blocks.   But it is apparent from an

[1]Reported in 103 Pac. 20.

inspection of the plat that this block is benefited much more than surrounding blocks, and therefore should bear a greater portion of the cost of the improvement. The first assignment of error in this case is based upon the facts, and depends upon whether the assessments were too high or not. This is largely a matter of opinion. In this class of cases we said, in *In re Seattle*, 50 Wash. 402, 97 Pac. 444, "Opinions will differ widely . . . as to the benefits to accrue to the different properties within the district; but this court cannot substitute its judgment for the judgment of those whom the law has charged with the duty of establishing the district and apportioning the cost, whenever such difference of opinion may arise." Opinions do differ in this case between the commissioners who made the assessment and the witnesses called by the appellants. The block No. 29 lies to the west of Elliott avenue, which is improved by being widened and extended. The lots in this block fronting upon this avenue were forty feet wide, by about the same in depth. The lots to the rear of these small lots were one hundred and fifty feet deep by forty feet wide. The fact that the title to these long and short lots was in the same person was considered by the commissioners in making the assessment. Appellants argue that the assessment should be based upon the benefit to the property alone, and not to the owner, and this is the rule. But if the amount determined upon is right, it cannot be changed because the result was arrived at by the wrong method. In *In re Western Avenue*, 47 Wash. 42, 91 Pac. 548, this court said: "The commissioners are chargeable with the result of their work, and not the manner by which they arrive at that result." As seen above, the evidence in this case is conflicting. It fails to convince us that the assessments upon the appellants' lots were excessive or unjust. The order appealed from must therefore be affirmed.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur.