[No. 8029. Department Two. February 2, 1910.]

## *In re* PINE STREET, SEATTLE.[1]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS—APPEAL—REVIEW. The limits of a special assessment district fixed by the commission, and the amount taxed against the general fund, will not be disturbed on appeal, where the limits do not appear to be unreasonable and the entire cost might have been assessed against the property.

SAME—FINDINGS—REVIEW. A special assessment will not be disturbed as unequal or unjust, where it rests upon opinion and the evidence is conflicting.

[1]Reported in 106 Pac. 755.

SAME — ASSESSMENT — INTEREST ON CONFIRMATION — AWARD.  Interest upon an award on condemnation of property needed for a street improvement may be included as part of the cost of the improvement to be assessed against the property benefited.

SAME — AWARD — VERDICT — EFFECT — ASSESSMENT FOR BENEFITS. Upon condemnation of property needed for a street improvement, a verdict for the value of land taken, reciting that the remainder of the lot is not damaged by reason of the taking, precludes the claim that an award of damages was made therefor.

SAME—ASSESSMENTS—EXEMPTIONS—LANDS NOT TAKEN—EMINENT DOMAIN—VERDICT. Where the verdict for the value of land taken for a street improvement recites that the remainder was not damaged by the taking, the same is not exempt from assessment for special benefits as it would have been if found to be damaged by the taking.

Appeal from an order of the superior court for King county, Tallman, J., entered January 4, 1909, confirming an assessment roll, after a hearing before the court on the merits.   Affirmed.

*Jay C. Allen,* for appellants Farnandis *et al.*

*Jas. A. Dougan,* for appellants Gow *et al.*

*Richard Saxe Jones,* for appellants Redelsheimer *et al.*

*James Kiefer,* for appellant John H. McGraw, contended, *inter alia,* that the interest cannot be allowed because not authorized by a statute.   *Tacoma Bituminous Paving Co. v. Sternberg,* 26 Wash. 84, 66 Pac. 121; *Sargent v. Tuttle,* 67 Conn. 162, 34 Atl. 1028, 32 L. R. A. 822; *Murphy v. People,* 120 Ill. 234, 11 N. E. 202; *State ex rel. Brennert v. Farrier,* 47 N. J. L. 75; *Himmelman v. Oliver,* 34 Cal. 246; *Haskell v. Bartlett,* 34 Cal. 281.

*Scott Calhoun* and *Bruce C. Shorts,* for respondent.

MOUNT, J.—This appeal is prosecuted by several property owners from an order of the superior court of King county confirming an assessment roll to pay the cost of widening Pine street, in the city of Seattle.   The city by ordinance provided for increasing the width of Pine street four-

teen feet, seven feet on each side, between the east side of First avenue and the west side of Twelfth avenue. The property, seven feet wide on each side of the street, was taken by condemnation proceedings. Judgments were entered in favor of the several owners for the value of the property taken. Afterwards an eminent domain commission was appointed for the purpose of assessing the cost of the improvements to the property specially benefited. This commission prepared and filed an assessment roll on the 12th day of June, 1908. Objections were made to this roll, and hearings thereon were continued until November 4, 1908, when, at the request of the corporation counsel, the court permitted the roll to be referred back to the board of eminent domain commissioners for the purpose of making corrections thereon. The board of eminent domain commissioners thereupon prepared a new assessment roll, which was filed in the superior court on November 23, 1908. This new roll was substantially the same as the original roll, except that it included an additional amount to cover interest upon the warrants issued in payment of the property taken, accruing between the date of the judgment in condemnation and the date when the assessment would become delinquent. Objections were made by all of these appellants, and evidence was heard by the court upon the equality and justness of the assessments as shown by the roll. Thereafter the court entered its order confirming the roll, with some slight modifications.

The appellants, being interested in different lots, have filed four separate briefs upon this appeal, but the points raised are all substantially the same. They are stated in the assignment of errors in one of the briefs as follows:

"(1) The court erred in approving the assessment roll as a whole, because (a) the proofs show that it is inequitable and unjust, as between the properties included, and does not include all property benefited; (b) a just proportion of the cost of the improvement is not assessed against the general fund, said improvement being largely for the benefit of the

public generally; (c) the amount assessed against the properties in the roll includes a sum of interest for which said properties cannot be legally made liable.

"(2) The court erred in overruling the objections of these appellants because appellants were awarded substantial compensation because of damage to the remainder of the property not taken upon a consideration of both benefits and damages, and therefore the property is exempt from assessment and should have been stricken from the roll."

The nature of these assignments has made it necessary for us to examine all the evidence in the case, which we have done. There was evidence to the effect that the improvements were a benefit to the property not included within the assessment district, but this evidence tended to show a general rather than a special benefit. The district was confined to the center of the blocks on each side of the street. It is always difficult to determine the exact dividing line where the special benefits cease and general benefits begin in this class of cases. · The greatest special benefit, of course, attaches to the lots immediately abutting upon the street. But some special benefits necessarily attach to the lots and blocks distant therefrom, diminishing as the distance increases. The line must be drawn somewhere, and we think it is not unreasonably drawn at the center of the block, as was done in this case. The same principle is true at the termination of the district, lengthwise as laterally. There can be no exactness in the determination of such questions, and they must, therefore, be left to the best judgment of the persons authorized to fix the boundaries of the district. It is true that only a small part of the total cost of the improvement was finally assessed against the general fund, but, so far as the record shows, there was no obligation to assess the general fund at all. The whole improvement, notwithstanding, might have been made at the expense of the property specially benefited, without reference to the general benefits.

It is argued that the assessments are unequal and unjust in many particulars, but the evidence is conflicting upon this ·

point. This is a matter of opinion, and where opinions differ, as they do here, we shall not disturb the finding of the trial court upon that question. *In re Seattle*, 50 Wash. 402, 97 Pac. 444; *In re Elliott Avenue and Milwaukee Street*, 54 Wash. 297, 103 Pac. 20.

The holding of this court in *State ex rel. Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348, to the effect that a judgment in condemnation for street improvements bears interest which must be paid as a part of the judgment, seems to dispose of the contention that the property assessed is not liable for an assessment for interest.

Finally, it is claimed that such property is exempt from assessments for benefits, because an award of damages was made for the property not taken. The verdicts in the condemnation proceedings were offered in evidence. These verdicts show upon their face "that the remainder of said lot is not damaged by reason of the taking off of said described real property." The case of *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, to the effect that property not taken, but damaged, may not be assessed, can therefore have no application to this case, because here there is an express finding that the property not taken is not damaged.

We find no error in the record. The order appealed from must therefore be affirmed.

Rudkin, C. J., Crow, Parker, and Dunbar, JJ., concur.