[No. 9555. Department One. August 18, 1911.]

# D. F. POWELL, *Respondent*, v. THE CITY OF WALLA WALLA et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—APPORTIONMENT OF COST—DISCRETION. It is within the discretion of city authorities to make a public improvement wholly at the expense of the property benefited, instead of partly at the expense of the public; and the courts have no power to control such discretion.

SAME—AMOUNT OF ASSESSMENT—DISCRETION. The judgment of municipal officers specially authorized to determine the amount of the benefits from a public improvement and assess the same upon specific property benefited is conclusive, and courts will not interfere unless it is so grossly excessive as to amount to a practical confiscation of the property.

SAME—ASSESSMENTS—PROPERTY SUBJECT—PUBLIC PARKS — LIMIT OF INDEBTEDNESS. As a public park cannot be assessed for benefits from a street improvement, the courts will enjoin an improvement of streets by a city where part of the cost was assessed against a public park, and the city had already reached its constitutional limit of indebtedness.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered February 20, 1911, in favor of the plaintiff, after a trial before the court without a jury, in an action to enjoin the execution of a contract for a public improvement. Affirmed.

*J. W. Brooks*, for appellants.

*John C. Hurspool* and *H. S. Blandford*, for respondent.

FULLERTON, J.—The city of Walla Walla undertook to improve a street therein between certain designated points at the expense of the property benefited by the improvement. To that end it, by ordinance, adopted the plans and specifications for the work, created an assessment district, caused the cost of the work to be ascertained, and levied an assessment on property thought to be benefited to pay the same. It was

[1]Reported in 117 Pac. 389.

about to enter into a contract for the performance of the work when this action was brought to enjoin it from so doing. The complaint was based chiefly on the contention that the assessment levied on the property within the assessment district exceeded the benefits conferred thereon by the improvement, and that it was unjust and inequitable not to impose a part of the cost of the improvement upon the city at large. It was also alleged, that a part of the territory through which the street proposed to be improved extended was not within the corporate boundaries of the city of Walla Walla; that the proposed improvement extended for a considerable distance in front of a city park; that the city had, without power or authority, undertook to assess a large portion of the cost on the park property; and that such part of the assessment was uncollectible, since no sale of the property could be had to enforce the assessment lien, and the amount thereof could not be made a charge upon the general fund of the city, as the city was then indebted beyond the limit fixed by the constitution.

On the trial, evidence was introduced tending to prove the allegations of the complaint, and the trial judge found,

"That in case said proposed contract be entered into and said improvement made, it will not enhance the value of said property, or any thereof, in an amount equal to the amount it will be required to pay for said proposed improvement, nor in any manner benefit said property, or any thereof, or the said plaintiff, or any of said other owners, in said amount; that the making of said proposed improvement will benefit other residents and property owners within the limits of said city and the public at large at least 1-4th as much as it will said plaintiff and said other property owners within said proposed assessment district; that the proposed placing of the entire cost of said proposed improvement upon the property of said plaintiff and other property within said proposed assessment district is discriminatory, unjust and inequitable, and that there are other good and sufficient reasons why said defendants should not be permitted to enter into said proposed contract."

A decree was thereupon entered enjoining the city from entering into the contract. The city appeals.

The appellant contends, we think rightly, that the judgment cannot rest upon the grounds on which it was based by the trial court. Whether or not the cost of the improvement shall be borne wholly by the property benefited, wholly by the public at large, or in part by the property benefited and in part by the public at large, are questions solely within the jurisdiction of the municipal officers to determine, and the courts have no power to control their discretion in that regard. *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279; *Bauman v. Ross*, 167 U. S. 548; *Sheley v. Detroit*, 45 Mich. 431.

So in regard to the amount of the assessment imposed on the specific tracts of property. The judgment of the assessing officers as to these amounts is ordinarily conclusive. The courts cannot ordinarily take the weight of opinion and substitute its judgment for the judgment of the officers specially authorized to make the assessment. The disproportion between the values imposed to those that may justly be imposed must be so great as to amount to a confiscation of property before the court is warranted in interfering. As said by Atkinson, J., in *Atlanta v. Hamlein*, 96 Ga. 381, 23 S. E. 408:

"As a general proposition, upon the question of benefit, whether general or special, the owner is concluded by an expression of the legislative will. Where power is conferred upon the municipal authorities, in their discretion, to inaugurate a system of street improvements, with the power likewise conferred of imposing upon the abutting lot owners a proportionate share of the cost of such improvements, such power may be well exercised by the city authorities without giving notice of any character to the lot owner; and it is inconsistent with the proper exercise of the taxing power, and would tend to a manifest embarrassment of the public in the prosecution of these public improvements, if, upon every assessment, the lot owner were entitled to have the question judicially determined whether or not he would be benefited

by the proposed improvement. As to whether he was benefited
or not, is a question which should address itself to the discre-
tion of the municipal authorities. Their judgment upon this
subject is ordinarily, except in the most extreme cases, con-
clusive; but, as we have before stated, it is not allowable that
the municipal authorities, under the guise of a public im-
provement, should arbitrarily deprive the citizen of his estate.
If, therefore, in the levy of such assessments, the cost of the
improvement be so disproportioned to the value of the estate
sought to be improved, as that the levy of the assessment
amounts to a virtual confiscation of the lot owner's property,
such assessment cannot be upheld as a legal or valid exer-
cise of the power to tax for such improvements."

See, also, *In re Seattle*, 50 Wash. 402, 97 Pac. 444; *In re
Seattle*, 46 Wash. 63, 89 Pac. 156; *In re Elliott Avenue &
Milwaukee Street*, 54 Wash. 297, 103 Pac. 20; *In re Pine
Street*, 57 Wash. 178, 106 Pac. 755.

We find nothing in the evidence warranting the conclusion
that the assessments made were so grossly excessive as to
amount to a confiscation of property. Certain witnesses, it
is true, did testify that in their opinion their own property
was overassessed, but the difference between their estimates
and the assessment roll was hardly sufficient, even if their
estimates be taken as absolutely correct, to warrant a charge
as affecting their particular property, much less did it war-
rant the holding that the entire assessment was invalid.

The record, however, shows certain other facts. It is
stipulated that a material part of the cost of the improve-
ment was assessed against property purchased by the city for
use as a city park, and it is stipulated also that the city of
Walla Walla has reached the limit of indebtedness imposed on
municipalities by the state constitution, and is without power
to enter into a contract calling for the expenditure of money
out of its general fund. These facts we think warrant the
judgment entered by the trial court. The city cannot devote
property purchased by it for use as a park to the improve-
ment of a public street; hence, the attempted levy of an assess-

ment thereon is invalid in so far as it seeks to bind the property. The attempted levy might be, under other circumstances, equivalent to an appropriation out of the city's general fund of the amount sought to be levied, but it cannot so operate here, as the city is without power to make such an appropriation. The effect is to leave this part of the cost of the improvement unprovided for; and such being the condition, it is within the province of a court of equity to restrain the letting of a contract for the making of the improvement.

Our attention is called to the fact that we have heretofore held that a city might levy an assessment on the property of a public school district within its borders to pay the cost of a public improvement benefiting such property, and it is argued that the same principle would sustain the present levy. But, while we think we went to the extreme limit of the rule in that case, the cases are not analogous. A school district is in itself a corporate entity, having the power of taxation over the property within the confines of its district as well as the right of support from the public school funds. As between it and the city, therefore, its property can well be said to be private property. But it is not so with a city park. The park is but property of the city devoted to a particular use, and any assessment levied upon it must be satisfied either by the city itself or by a sacrifice of the park property. In itself it has no means of acquiring funds.

We conclude therefore that the judgment must be affirmed, and it will be so ordered.

DUNBAR, C. J., MOUNT, and GOSE, JJ., concur.