[No. 11501.    Department One.    August 4, 1914.]

NORTH AMERICAN LUMBER COMPANY, *Appellant*, v. THE CITY OF BLAINE *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—PROPERTY SUBJECT—LEASED HARBOR AREA. An assessment for benefits from a local improvement cannot be levied upon leasehold interests in harbor area leased by the state, in the absence of statutory authority therefor, the laws authorizing the levy of assessments on leasehold interests in tide lands not granting such right; hence the improvement will be enjoined.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered April 5, 1913, dismissing an action for an injunction, upon dissolving a temporary injunction. Reversed.

*Walter B. Whitcomb*, for appellant.
*George D. Montfort*, for respondents.

CROW, C. J.—Action by North American Lumber Company, a corporation, against the city of Blaine, its mayor, clerk, and councilmen, to enjoin them from entering into a

[1]Reported in 142 Pac. 438.

contract for a street improvement. From a judgment of dismissal, plaintiff has appealed.

Appellant, a taxpayer in the city of Blaine, is the owner of platted tide lands and is a lessee of harbor area in the city of Blaine. Portions of the tide lands have been sold to appellant and other purchasers, and portions of the harbor area have been leased to appellant and other lessees. The city of Blaine holds a leasehold interest to a small portion of the harbor area, where it maintains a public wharf and dock near the outer harbor line. "E" street, which is platted over the tide lands, and which has been extended by city ordinance to the outer line of the harbor area, leads to the municipal wharf, and has been improved with an elevated roadway resting upon piling and other supports. This roadway is in such bad repair that the city has determined a new improvement is necessary. On June 20, 1913, the city council, by resolution, declared its intention to order the improvement of "E" street from the outer harbor line to the meander line, by piling, capping, laying stringers and planks and by constructing a wooden trestle and wharf. To pay the cost and expenses thereof, the resolution directed the creation of an enlarged assessment district and fixed its boundaries. This district, with other property, includes appellant's tide lands, appellant's leasehold of harbor area, tide lands and leaseholds of harbor area held by other parties, and also that portion of the habor area held by the city as lessee. The resolution directed that $10,000 of the cost of the improvement be assessed against that portion of the property located within the enlarged district between the termini of the improvement abutting on the street and extending back from the marginal line thereof to the middle of the abutting blocks, and that the remainder of the cost be assessed against the remainder of the enlarged district. No property was included in the enlarged district other than tide lands and leasehold interests on harbor area. Objections to the proposed improvement were filed by appellant and others, but later an

ordinance providing for the improvement was passed in harmony with the terms of the resolution. This ordinance authorized advertising for bids. Before any bids were opened, appellant commenced this action, and upon notice procured a temporary injunction, which was dissolved when the action was dismissed.

The proceedings relating to the improvement contemplate that the entire cost shall be met by a special assessment on tide lands and leased harbor area, including the leasehold of a portion of the harbor area held by the city. Appellant contends that the only possible way in which the city's portion of such an assessment can be paid will be either by an appropriation out of the general fund, or by a foreclosure and sale of city property located within the harbor area. It further contends that no portion of the harbor area can be sold; that no assessment can be levied on any leasehold interest therein; and that payment of the city's proportion of the cost of the improvement, if made at all, must be made from its general fund. It is alleged and conceded that, when the resolution was passed, the city of Blaine was, and still is, indebted to the extent of $25,000 over and above its constitutional limit, and appellant argues that, by making the improvement and directing an assessment on its leasehold estate in the harbor area, the city is about to incur further indebtedness, in violation of art. 8, § 6, of the state constitution, and that, by reason thereof, it should be enjoined from proceeding with the improvement.

In support of this contention, appellant cites *Powell v. Walla Walla*, 64 Wash. 582, 117 Pac. 389. In that case a district was created which included city property upon which a portion of the special assessment was to be levied. The city was indebted in excess of the constitutional limitation, and this court, in holding that it should be enjoined from proceeding with the improvement, said:

"It is stipulated that a material part of the cost of the improvement was assessed against property purchased by the

city for use as a city park, and it is stipulated also that the city of Walla Walla has reached the limit of indebtedness imposed on municipalities by the state constitution, and is without power to enter into a contract calling for the expenditure of money out of its general fund. These facts we think warrant the judgment entered by the trial court. The city cannot devote property purchased by it for use as a park to the improvement of a public street; hence, the attempted levy of an assessment thereon is invalid in so far as it seeks to bind the property. The attempted levy might be, under other circumstances, equivalent to an appropriation out of the city's general fund of the amount sought to be levied, but it cannot so operate here, as the city is without power to make such an appropriation. The effect is to leave this part of the cost of the improvement unprovided for; and such being the condition, it is within the province of a court of equity to restrain the letting of a contract for the making of the improvement."

It would seem that the principle thus announced is pertinent here and should be applied, unless the amount to be assessed against the city's leasehold upon the harbor area is so small as to require an application of the doctrine *de minimus non curat lex.*

Respondents, answering the complaint, alleged, and by evidence have proven, the fact to be that, after the temporary injunction had been granted, the city council by resolution appropriated $200 from cash which it then had in a fund designated as "emergency fund" to pay the special assessment to be levied on its leasehold interest, in the event of a dissolution of the injunction. If the assessment were invalid as an additional liability in excess of the constitutional limitation, such an appropriation of money which should be used in discharging existing indebtedness would also be invalid. It appears from the evidence that the entire improvement will cost not less than $12,000, but that the amount to be assessed against the city's leasehold estate upon the harbor area will approximate $50. If the validity of this small proportion of the entire assessment were the only question involved, we might

hesitate before enjoining the improvement; but a further question involving the validity of a much larger proportion is presented, and this we think is fatal to the proceeding.

The record shows that the city intends to levy a very considerable proportion of the cost of the improvement on leasehold estates held by private parties, on portions of the harbor area. Appellant contends that such assessment is without authority in law and cannot be made. Section 1, art. 15 of the state constitution prohibits any sale of harbor area. Section 2 of the same article directs that the legislature shall provide general laws for leasing of the right to build and maintain wharves, docks, and other structures, upon the areas mentioned in section 1, no lease to be for any term longer than thirty years. In *Spokane v. Security Sav. Soc.,* 46 Wash. 150, 89 Pac. 466, we said:

"In the absence of express statutory authority, the city could not subject lands of the state to a special assessment for local improvements. Authority therefor is not conferred by a statute which in general terms delegates power to the city to levy special assessments upon private property benefited by the improvement. 25 Am. & Eng. Ency. Law (2d ed.), pp. 1186-7. Hamilton, Law of Special Assessments, § 313."

Our attention has not been called to any act of the legislature authorizing a municipal corporation to levy such an assessment on a leasehold interest on any portion of the harbor area. The legislature, from time to time, has authorized special assessments to be levied on the leasehold interests held by private parties in and to tide lands owned by the state, where such leasehold interests were benefited by a special improvement. In *Trimble v. Seattle,* 64 Wash. 102, 116 Pac. 647, afterwards affirmed by the supreme court of the United States in *Trimble v. Seattle,* 231 U. S. 683, this court sustained such an assessment. It is manifest, however, that a statute authorizing an assessment on leasehold interests in tide lands cannot, by any known rule of construction,

be held to authorize an assessment on a leasehold interest in and to harbor area. We have been cited to no statute authorizing the levying of any special assessment upon a leasehold interest in harbor area, and need not discuss the question whether the legislature has authority to enact such a statute. The record, however, shows that a very considerable portion of the proposed assessment is to be thus levied to pay the cost of the special improvement now in contemplation. Applying the doctrine announced in *Powell v. Walla Walla, supra,* we conclude the trial court erred in dismissing the action.

The judgment is reversed, and the cause remanded with instructions to enjoin the improvement as proposed.

CHADWICK, ELLIS, and MAIN, JJ., concur.