[No. 12847. Department Two. January 20, 1916.]

NORTH AMERICAN LUMBER COMPANY, *Respondent*, v.
THE CITY OF BLAINE *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—
INJUNCTION—INTEREST OF PARTIES. A landowner, bringing suit in
its own behalf to enjoin the assessment of its tide lands, cannot com-
plain of the assessment of other tide lands in which it has no in-
terest.

SAME—INJUNCTION—ASSESSMENTS — PENDING APPEAL — JURISDIC-
TION. Irregularity in including harbor area, which was not assess-
able, in an improvement district, does not deprive the city of juris-
diction to proceed with the improvement and assess tide lands that
were legally assessable; hence the fact that the lessee of harbor
area was seeking an injunction by appeal from a judgment of dis-
missal, does not deprive the city of jurisdiction *pendente lite* to pro-
ceed to assess tide lands owned by plaintiff.

SAME—PUBLIC IMPROVEMENT—ASSESSMENTS—PENDING APPEAL—EF-
FECT OF REVERSAL—FAILURE TO OBJECT—INJUNCTION—JUDGMENT ON
REMAND. Where the lessee of harbor area sought, by appeal from
judgment of dismissal, to enjoin an improvement and the assess-
ment of leased harbor area that was not assessable, as well as tide
lands owned by it which were assessable, and pending the appeal
and while no injunction was in force, the city completed the improve-
ment and levied the assessment upon due notice, upon reversal of
the judgment of dismissal and remand with instructions to "enjoin
the improvement," the plaintiff may be entitled to judgment on re-
mand cancelling the assessment on the harbor area, as to which the
city had no jurisdiction of the subject-matter, upon the theory that
the city proceeded *pendente lite* at its peril; but plaintiff is not en-
titled to a cancellation of the assessment upon its tide lands, as to
which the city had jurisdiction to proceed, where plaintiff failed to
file timely objections to the assessment roll or give notice of appeal,
as required by 3 Rem. & Bal. Code, § 7892-23, providing that confirma-
tion shall be final and conclusive in such case.

SAME—ASSESSMENTS—VALIDITY — SUBSEQUENT STATUTES. The il-
legal assessment of leased harbor area, which was not at the time
assessable, is not validated by the subsequent enactment of Laws
1915, p. 363, providing that all leasehold rights in or to harbor areas
in cities and towns are subject to assessment for local improvements.

[1]Reported in 154 Pac. 446.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered February 15, 1915, in favor of the plaintiff, vacating an assessment roll and enjoining a public improvement, in compliance with a remittitur of the supreme court. Affirmed in part and reversed in part.

*George D. Montfort*, for appellants.
*Walter B. Whitcomb*, for respondent.

PARKER, J.—The plaintiff, North American Lumber Company, commenced this action in the superior court for Whatcom county, seeking to enjoin the city of Blaine and its officers from constructing a local street improvement and levying local special assessments to pay for the same. The trial resulted in denial of the relief prayed for and dismissal of the action by the superior court, from which the plaintiff appealed to this court and secured a reversal of the judgment of the superior court and the remanding of the cause to the superior court "with instructions to enjoin the improvement as proposed." The decision of this court is reported in 81 Wash. 13, 142 Pac. 438. The cause is again before us upon appeal taken by the city from the judgment entered by the superior court upon the going down of the remittitur, which, it is insisted, is not the proper judgment to be now rendered, in view of the fact that the improvement was fully constructed, the special assessments levied and confirmed, and bonds issued against the special fund so created and delivered to the contractor in payment of the improvement, before the rendering of the decision of this court and while there was no restraining order or injunction in force preventing the city from so proceeding. It will be conducive to clearness to summarize all the controlling facts here, though it will, in a measure, be a repetition of facts appearing in our former decision.

On January 20, 1913, the city council of Blaine declared its intention to improve that portion of E street lying within

the harbor area and the tide lands in the city and to assess the cost thereof against the property benefited thereby, defining the proposed local improvement district, including the property to be assessed. This proposed district included certain portions of the harbor area which the lumber company held under lease from the state, and also certain tide lands owned by the lumber company. On February 17, 1913, after due notice furnishing property owners an opportunity to protest against the making of the proposed improvement, the council duly passed ordinance No. 428, finally providing for the construction of the improvement and for the creation of a local improvement district, including that portion of the harbor area upon which the lumber company held a leasehold interest from the state, and, also, the lumber company's tide lands, with other property to be charged by assessment with the cost of the improvement; and for the issuance of local improvement bonds against the special fund to be created by such assessments to pay for the improvement.

On March 12, 1913, this action was commenced by the lumber company in the superior court for Whatcom county, praying for an injunction restraining the city from proceeding with the proposed improvement and assessments, and for general relief. The lumber company sued as a general taxpayer of the city, as the owner of a leasehold interest in the harbor area to be assessed, and as the owner of certain tide land blocks to be assessed. The lumber company rested its right to an injunction upon the theory that the harbor area was not subject to assessment to pay for local improvements, and that the city could not lawfully make provision for the payment of the deficiency which would be caused by its inability to assess the harbor area, because of the fact that it was indebted far beyond the limit prescribed by the state constitution. Reference to our former decision will show that this is, in substance, the ground upon which it was held that the lumber company was entitled to relief. It will also be noticed that the only instruction to the superior court touch-

ing the nature of the relief it should grant the lumber company is contained in these concluding words of the decision:

"The judgment is reversed, and the cause remanded with instructions to enjoin the improvement as proposed." *North American Lumber Co. v. Blaine*, 81 Wash. 13, 142 Pac. 438.

When the remittitur went down to the superior court for entry of final judgment in accordance with our decision, both the city and the lumber company brought to the attention of that court, by affidavits, facts occurring since the original trial of the cause in that court, which rendered it plain that whatever relief the lumber company was entitled to by virtue of our decision could not be then effectually granted in the terms of an injunction as originally prayed for, since all of the acts of the city which the lumber company had sought to have enjoined had been fully performed by the city. These new facts, necessary to be here noticed, are the following: Immediately on the judgment of the superior court being rendered in favor of the city, it entered into a contract for the construction of the improvement at a cost of something less than $12,000, which was the original estimated cost of the improvement. The improvement was completed according to the contract and as originally contemplated by the resolution and ordinance providing therefor. Local improvement bonds against the district were by the city issued and delivered to the contractor in payment of the improvement. An assessment roll was made up in the usual manner, assessing the cost of the improvement against the property within the district, apportioning approximately $2,000 thereof against the harbor area and $10,000 thereof against the tide lands within the district. The portion of the harbor area held under lease by the lumber company was assessed $346.92. The tide lands owned by the lumber company were assessed $1,796.83. Due notice was given as the law directs, of hearing before the council upon the question of the confirmation of this assessment roll, and no objection being made thereto by any one, the council, by ordinance, duly confirmed the

same. All of this occurred before the rendering of our former decision holding that the lumber company was entitled to relief, and at a time when there was no restraining order or injunction in force against the city from so proceeding.

After the rendering of our former decision, the council, seeing that it was without authority to assess the harbor area, adopted a resolution cancelling all assessments made upon the harbor area and directed the city treasurer to cancel the same upon the assessment roll of the district. These new facts being brought to the attention of the superior court by affidavits filed in behalf of both the city and the lumber company, as to which facts there seems to be no serious dispute, the question was presented to the superior court as to the nature of the judgment it should enter, to the end that the lumber company should have such relief as it was entitled to in the light of our former decision. The matter being thus presented to the superior court, it entered a judgment annulling each and all of the assessments made upon the property within the district, adjudging and decreeing:

"That each and every of the said assessments is cancelled and the defendants, and their successors in office and all persons acting or to act by, through or under them, be and they are hereby perpetually enjoined from enforcing or collecting the said assessments or any part thereof."

Counsel for the city contends that the lumber company is, in no event, entitled to any greater relief at this time than the cancellation of the assessment upon the harbor area and the prevention of the city's satisfying any deficiency caused by such cancellation by making the same a charge upon its general fund, and that, since all of the assessments upon the harbor area have been voluntarily cancelled by the city and the city disclaims all intention of satisfying the deficiency so resulting by causing the same to be made a charge upon its general fund, it becomes of no consequence whether the city be enjoined to this extent or not. Counsel for the city also

contends that the lumber company is not entitled to any re-
lief as against the assessment levied upon its tide lands be-
cause of its failure to make any objection thereto to the city
council when the assessment roll was before the city council
upon due notice for confirmation; and also contends that, in
no event, has the lumber company any right to have cancelled
the assessments made against the other tide lands within the
district in which it has no interest. Counsel for the lumber
company contends that it is entitled to relief to the full ex-
tent granted by the final judgment of the superior court,
from which this appeal is taken. These contentions, we un-
derstand from the record before us, were also made in the su-
perior court.

Counsel for the lumber company invokes the general rule as
stated in the text of 22 Cyc. 966, as follows:

"The decree may afford complete relief as to injuries that
have been consummated since the suit was begun; for even
though no temporary injunction was obtained, defendant
acts at his peril in doing *pendente lite* the acts sought to be
enjoined."

For present purposes, we may assume that the lumber
company is entitled to have the assessments upon the harbor
area cancelled, and also to have the city enjoined from charg-
ing its general fund with any portion of the cost of the im-
provement, since the city is not here insisting that it has
the right to have such assessments enforced, or to so charge
its general fund. But the question of the power of the court
to now cancel and enjoin the collection of the assessments
which have been regularly levied against the tide lands upon
due notice and not appealed from to the courts, is quite
another matter.

In so far as the assessments levied upon the tide lands
other than those belonging to the lumber company is con-
cerned, we do not see that it has any right whatever to ques-
tion such assessments. It is true it originally brought pro-
ceedings looking to the enjoining of the construction of the

improvement, but it brought this action only in its own behalf, so manifestly it cannot complain of assessments upon lands in which it has no interest. Such assessments may be unimpeachable because of their being regularly levied upon due notice and remaining unchallenged by the owners of the property so assessed. Indeed, such seems to be their status as shown by the record.

The more serious question here presented is, Has the lumber company the right to now have cancelled the assessment levied upon its tide lands? Now we have seen that all of these assessments against the lumber company's tide lands were also levied upon due notice; that no objection was made thereto by the lumber company or any one, nor was appeal to the courts taken therefrom; and that this was all done at a time when there was no restraining order or injunction in force preventing the city from so proceeding. Manifestly, the fact that the lumber company was then seeking an injunction by appeal to this court from the dismissal of its case in the superior court, to prevent the city from so proceeding, did not deprive the city of jurisdiction in the premises. The irregularity occurring in the inception of the local improvement proceedings by inclusion of the harbor area in the assessment district may have been sufficient to then entitle the lumber company, as a taxpayer and also as the owner of property to be assessed, to have the court "enjoin the improvement as proposed," as was held in our former decision, but that did not deprive the city of jurisdiction to proceed with the improvement and assessments, in so far as it was seeking to charge by assessment property which was assessable for local improvements. Now, plainly, the tide lands owned by private persons, as these lands are, are assessable as any other private property, to pay the cost of local improvements; while, as held in our former decision, harbor area and leasehold interests therein are not assessable to pay the cost of local improvements. Hence the city had jurisdiction of the *subject-matter* of assessing such tide

lands, while it did not have jurisdiction over the *subject-matter* of assessing harbor areas or leasehold interests therein. That the city's jurisdiction was complete as to the tide lands, so far as the assessment proceedings and notice of hearing before the council upon the question of confirmation of the roll is concerned, seems plain from this record. Indeed, that such notice was given as the law directs is not here questioned. It is also plain that no objections to any of the assessments were presented to the council, nor was any appeal taken to the courts from the confirmation of the roll. Why then, is not the confirmation of this assessment roll a final determination binding upon all owners of tide lands, including the lumber company, so assessed? The reason that it is not binding upon the owners of leasehold interests in harbor area is because the city had no jurisdiction over the subject-matter of assessing harbor areas or leasehold interests therein.

Section 23, p. 455, Laws of 1911, of the general local improvement law, under which the city proceeded, reads:

"Whenever any assessment-roll for local improvements shall have been confirmed by the council or other legislative body of such city or town as herein provided, the regularity, validity and correctness of the proceedings relating to such improvement, and to the assessment therefor, including the action of the council upon such assessment-roll and the confirmation thereof, shall be conclusive in all things upon all parties, and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this act, and not appealing from the action of the council in confirming such assessment-roll in the manner and within the time in this act provided. No proceeding of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: *Provided,* That this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds (1) that the property about to be sold does not appear upon

the assessment-roll, or (2) that said assessment has been paid." 3 Rem. & Bal. Code, § 7892-23.

This court has repeatedly held that such a determination by the city council, had upon due notice under previously existing statutes similar to this, became final as to all owners of property so assessed, unless the assessment was attempted to be levied under such circumstances that the city was exceeding its jurisdiction over the *subject-matter*. This question is reviewed at some length in *Rucker Brothers v. Everett*, 66 Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582, where our former decisions are noticed. The doctrine was adhered to in *Grandin v. Tacoma*, 87 Wash. 98, 151 Pac. 254, involving an assessment under this statute.

All of these assessments upon lands, including those belonging to the lumber company, other than the harbor area, being made and confirmed upon due notice, no objection thereto being made by any one, and no appeal taken to the courts therefrom, we are of the opinion that such assessments became binding and conclusive upon the lumber company as well as upon all other owners other than those owning leasehold interests in the harbor area; and that, in the light of facts occurring since the original trial of this case in the superior court, our former decision should not now be construed as impairing the validity of any of the assessments so made and confirmed, other than those assessments made against the harbor area, as to which the city had no jurisdiction.

It is worthy of note here that these assessments were levied and apportioned against all of the lands within the district, including the harbor area, as if all the lands were assessable for local improvements. Assuming that the assessments were equitably apportioned, as we must, in view of the fact that they were confirmed without objections, in so far as lands other than harbor area are concerned, it would follow that the lumber company's tide lands are bearing no more than their just proportion of the cost of the improvement.

Therefore it is difficult to conceive of any wrong resulting to the lumber company, viewing it only as the owner of these tide lands. The same may be said of all other owners of lands within the district other than the harbor area. It seems plain that the rights of the lumber company as owner of the tide lands, which are assessable for local improvements, must be viewed apart from its rights as a general taxpayer and as owner of a leasehold interest in the harbor area. Its rights in the latter respect it is entitled to have protected by the final judgment of the court, if such rights are not already sufficiently protected by the attitude voluntarily assumed by the city towards the assessments against the harbor area and the protection of the city's general fund. But, viewing the lumber company as the owner of the tide lands, its complaint here amounts to no more than that the assessments are void because of irregularities occurring on the inception of the proceedings taken by the city. This, however, we have seen does not go to the jurisdiction of the city over the subject-matter, and due notice having been given of hearing upon the confirmation of the assessment roll and the same having been confirmed without objection, all prior irregularities were thereby cured and the assessment became final against the lumber company as to its tide lands, as well as against other owners of lands in the district other than the harbor area.

Our attention is called to the act of the legislature found in Laws of 1915, at page 363, providing that all leasehold rights and interests of private persons in or to harbor areas within the limits of an incorporated city or town are subject to assessment to pay the cost of local improvements. We do not regard this act as having any controlling force in this cause, in view of its enactment subsequent to the making of these assessments. We express no opinion at this time touching the power of the city of Blaine to charge, by reassessment or supplemental assessment, any deficiency in the

local improvement fund against leasehold interests in the harbor area which may be benefited by this improvement.

The judgment of the superior court is reversed in so far as it cancels and enjoins the collection of any of the assessments levied upon lands within the district, including the lands of the lumber company, other than those assessments levied upon the harbor area. In all other respects the judgment is affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and HOLCOMB, JJ., concur.