[No. 10093.    Department One.    March 26, 1912.]

AIMEE L. NORMAN, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent*.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—ASSESSMENTS—OBJEC-
TIONS—WAIVER—ACTION TO SET ASIDE. Objections going to the regu-
larity of an assessment for a local improvement are cured by con-
firmation of the assessment roll, in the absence of appeal there-
from, and cannot be made the basis for an action to set aside the
assessment.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered September 22, 1911, upon
findings in favor of the defendant, in an action to set aside
an assessment for a local improvement. Affirmed.

[1]Reported in 122 Pac. 330.

*T. D. Rockwell, F. M. Dudley, Joseph T. Rosslow,* and *Cullen, Lee & Foster,* for appellant.

*A. M. Craven* and *John E. Orr,* for respondent.

PER CURIAM.—Action by summons and complaint to cancel and set aside a local assessment for street improvement. Judgment for the defendant. The plaintiff has appealed.

The assessment was made and regularly confirmed in 1904. The appellant filed objections to the confirmation of the assessment, but did not appeal. The facts relied upon for reversal may be summarized as follows: That the assessment exceeds fifty per cent of the assessed value of the property; that the improvement was not petitioned for by the owners of three-fourths of the property to be assessed for the proposed improvement; that the report of the board of public works to the city council did not comply with the requirements of § 62 of the city charter, and that it did not comply with the ordinances of the city in this: (1) that it did not correctly report the assessed valuation of the property which in the judgment of the board should be assessed for the improvement; (2) that it did not report the estimated cost of the improvement; and (3) that it contained no recommendations for the improvement.

The charter, §§ 61 and 62, imposes no limitation upon the power of the council to make improvements, and put the burden upon the property benefited other than the implied one that the assessment shall not exceed the benefits. The objections go to the regularity of the proceedings and not to their validity. The irregularities pointed out were cured by the confirmation of the assessment roll by the city council. The appellant's remedy was by an appeal from the order of confirmation. Failing to pursue this remedy, her rights are concluded by that order. This case is controlled in every respect by the recent case of *Rucker Brothers v. Everett,* 66 Wash. 366, 119 Pac. 807, where the jurisdictional ques-

tion is fully discussed. We are satisfied with the rule announced in that case.

The judgment is affirmed.