[No. 12203. Department Two. August 31, 1915.]

GRACE HELEN GRANDIN et al., *Appellants*, v. THE CITY OF
TACOMA et al., *Respondents*.[1]

PLEADING—DEMURRER—CONCLUSIONS. Since a demurrer admits
only the matters well pleaded, a conclusion in a complaint that
property was assessed to meet the cost of a trunk sewer is not ad-
mitted by demurrer, where, from the resolution and ordinance at-
tached to and made a part of the complaint, it appears that the as-
sessment was for a storm water drainage fronting the property.

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS — ASSESSMENTS—
OBJECTIONS—ESTOPPEL—ACTION TO SET ASIDE—JURISDICTION. Under
3 Rem. & Bal. Code, § 7892-23, providing that an assessment for a
local improvement shall be conclusive and cannot be contested in
any manner by any person not filing written objections within the
time provided and not appealing from the confirmation of the assess-
ment, the superior court has no jurisdiction of an action to set
aside an assessment where no objections were filed and the case
did not fall within any of the exceptions provided in the act.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered April 2, 1914, upon sustain-
ing a demurrer to the complaint, dismissing an action to en-
join the collection of a special assessment. Affirmed.

*Wm. H. Pratt*, for appellants.

*T. L. Stiles* and *Frank M. Carnahan*, for respondents.

PER CURIAM.—This action was begun to restrain the city
of Tacoma from collecting, or attempting to collect, a special
assessment levied upon appellants' property in Grandin ad-
dition. The city demurred to the complaint on the ground
that the court had no jurisdiction of the subject-matter of
the action and that the facts stated did not show a cause of
action. The demurrer was sustained, and this appeal fol-
lowed.

The assessment which appellants seek to have cancelled
was levied in the manner prescribed by Laws of 1911, p.

[1]Reported in 151 Pac. 254.

441, chapter 98 (3 Rem. & Bal. Code, § 7892-1), which it is conceded is applicable. The procedure leading up to the assessment was as follows: On February 26, 1913, the city council passed a resolution declaring its intention to create local improvement district No. 472, for the grading and paving of north 26th street from Union to Proctor and Proctor from 26th to 29th, together with gutters and storm drainage, and also constructing necessary storm water drainage on 29th from Proctor to Monroe, and on Monroe from 29th to connect with the trunk sewer at 30th and Monroe. Appellants' property was listed among that to be specially benefited by the improvement. The resolution provided for the customary estimate of cost etc., and set a date on which objections to the improvement and assessment should be heard. On March 19th, ordinance No. 5262 was passed pursuant to this resolution. The ordinance recited the prior proceedings, including the hearing and overruling of objections, ordered the improvement made and the cost assessed against the property declared therein to be specially benefited, among which the appellants' property was again listed. The assessment roll was prepared as required by law and duly confirmed by the council.

It is conceded that the council acted under the law applicable to an improvement of this nature and that the proceedings were regular, and that appellants made no protest against the improvement or assessment prior to the beginning of this action. Appellants attack the assessment solely on the ground that the city was without power to assess their property in any event for this improvement; that the assessment was without authority in law, and that § 23 of the act of 1911, which the city relies upon as a bar to this action, is therefore inapplicable.

Chapter 98 of the Laws of 1911, p. 441, provides generally for local improvements in cities and towns; provides for the method of levying assessments after due notice to the property owners affected; and provides that written ob-

jections to the improvement and assessment may be made at certain stages of the proceedings. An appeal to the superior court is allowed from the decision of the council upon any of the objections, and from the judgment of the superior court an appeal to this court may be taken. Section 23 of the act is as follows:

"Whenever any assessment-roll for local improvements shall have been confirmed by the council or other legislative body of such city or town as herein provided, the regularity, validity and correctness of the proceedings relating to such improvement, and to the assessment therefor, including the action of the council upon such assessment-roll and the confirmation thereof, shall be conclusive in all things upon all parties, and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this act, and not appealing from the action of the council in confirming such assessment-roll in the manner and within the time in this act provided. No proceeding of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or for the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: Provided, That this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds (1) that the property about to be sold does not appear upon the assessment-roll, or (2) that said assessment has been paid." 3 Rem. & Bal. Code, § 7892-23.

Appellants have filed no objections as provided by this act, and are not attacking the assessment on either ground given by the law as cause for an injunction. Their right to enjoin the collection of the assessment results if at all from a total lack of authority in the council to assess their property for this improvement.

The facts relied upon by appellants to show the lack of authority in the council are, briefly: that the purpose of assessing their property was for the cost of the storm water drainage from the end of the pavement at 29th and Proctor

to connect with the trunk sewer, and since none of the pavement was on their property frontage, they could not be assessed for the cost of the paving; that, because of the conformation of the district, and the further fact that drainage for their property was provided when the addition was platted and improved, this drainage is of no benefit to them. (No plat of the property affected is before us, but it appears from the briefs that the drainage is on appellants' property front.) They allege that the only purpose of this storm drainage was to connect the new pavement with the trunk sewer and then, designating the connection as a trunk sewer, declare that the city has no power to provide for its cost by local assessment.

This claim is based on § 133 of the city charter, which provides that the construction of all trunk or main sewers and repair of all sewers shall be made at the expense of the city. We are not called upon, however, to decide whether the council has assessed appellants' property for the cost of a trunk sewer. Although the complaint has alleged that the property is assessed to meet the cost of a trunk sewer, the mere *ipse dixit* of the complaint is not conclusive. While the facts of the complaint are admitted for the purpose of considering the demurrer, they are admitted only in so far as they are well pleaded (*Longfellow v. Seattle*, 76 Wash. 509, 136 Pac. 855), and not where the matter relied upon is the mere conclusion of the pleader. Where, as here, the resolution and ordinance are attached to and made a part of the complaint, we will look to the whole complaint to ascertain the nature of the improvement. In both resolution and ordinance this portion of the improvement is designated as a storm water drainage. Being such, the appellants' property would be liable for assessment if specially benefited as stated in the resolution and ordinance. By failing to file written objections before the confirmation of the assessment roll, showing that the improvement was of no benefit to their property, the appellants have brought themselves within the

estoppel of § 23 of the act, and this action not being one of the exceptions provided for therein, the court was without jurisdiction of the subject-matter. The order sustaining the demurrer is therefore affirmed.