[No. 13675. Department One. April 12, 1917.]

E. W. SANDERSON *et al., Appellants,* v. THE CITY OF

SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS— ASSESSMENTS — OBJECTIONS—WAIVER—COLLATERAL ATTACK. An assessment for a local improvement cannot be collaterally attacked for informalities or defects in the proceedings by owners who failed to object at the time the assessment roll was made up and confirmed and who paid their assessment; and it is not a jurisdictional objection that the city, before assessing property owners, should have credited $7,500 recovered in condemnation cases for the purpose of making the improvement, and which sum the city wrongfully diverted to other purposes; as the same goes to the amount of the assessment and the objections should have been made before the city council.

SAME — IMPROVEMENTS — ASSESSMENTS — VALIDITY. The fact that the raising of the level of streets is made necessary solely by a government project raising the level of a lake, does not show that it is not a local improvement or affect the jurisdiction of the city to make the improvement and assess benefits against abutting property.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 22, 1916, upon sustaining a demurrer to the complaint, dismissing an action to cancel an assessment and to recover money paid thereunder, tried to the court. Affirmed.

*S. S. Langland,* for appellants.

*Hugh M. Caldwell, Howard A. Hanson,* and *Walter F. Meier,* for respondent.

[1]Reported in 164 Pac. 217.

CHADWICK, J.—In the year 1898, King county brought a
condemnation proceeding in aid of the United States govern-
ment project to dig the Lake Washington canal. The then
city of Ballard was made a party claimant. In considera-
tion of a judgment for $7,500 then entered and paid to the
city as damages for flooding the streets of the city, the gov-
ernment was permitted to raise the waters of Salmon Bay
nine feet above the city datum. The city did not use the
award to raise the grade of its streets above the water level,
but used the whole recovery in the construction of a city hall.
Afterwards the city of Ballard was annexed to the city of
Seattle and ceased its functions as a separate municipality.

On the 25th day of November, 1912, the city of Seattle
passed ordinance No. 30,389 providing for the improvement
of Shilshole avenue. A local improvement district was cre-
ated, the object being to elevate the level of the streets (which
would be flooded by the raise of the waters nine feet above the
city datum) by filling with earth etc. and to tax the cost
thereof to the abutting property. An assessment roll was
made up, and on October 28, 1914, the council passed ordi-
nance No. 33,863 approving and confirming it. It is further
made to appear by the complaint:

"That the grading and other improvement of said Shil-
shole avenue and other streets and avenues included in said
ordinance No. 30,389 is rendered necessary solely by the
raising of the waters of Salmon Bay by the United States
Government in its construction of a ship canal between Sal-
mon Bay and Lake Union in said city of Seattle; and that
such improvement is not a local or special improvement within
the meaning of the constitution and laws of the state of
Washington, and the said plaintiffs' property and the other
property within said local improvement, and none of said
property is subject to special assessment therefor.

"That . . . the city of Ballard was annexed to the
city of Seattle and the city of Seattle succeeded to all of the
property of the city of Ballard, including said city hall and
succeeded to all of its obligations and indebtedness. That by

reason thereof, the city of Ballard became obligated to restore and improve said streets when submerged by the waters of Salmon Bay by the raising thereof in the construction of said ship canal, and said city of Ballard and its successor, city of Seattle, became and is estopped to assess any of its cost and expense of said improvement against the abutting property.

"That said city of Seattle had no power, authority and jurisdiction to create a local improvement district and charge the cost and expense of making said improvement against plaintiffs' property and the other property located within said district No. 2,601; that to do so would be *pro tanto* the taking of plaintiffs' property for a public use without compensation and against the constitution of the state of Washington.

"That said assessment was absolutely void and without law to support it.

. "That the aggregate amount attempted to be levied against plaintiffs' property heretofore described by said assessment roll above mentioned is the sum of $1,774.80. That on the 23d day of November, 1914, said plaintiffs, in order to avoid future charges for interests, cost and penalties, paid said amount to the city of Seattle under protest, demanding at said time that said amount so paid should be paid back to them in case it should be determined and adjudicated by the court that said assessment aforesaid be illegal and void."

The court sustained a general demurrer to the complaint. The case is brought here upon an appeal from a judgment of dismissal. It is not made to appear that appellants appeared, objecting or protesting, at the time the assessment roll was made up and confirmed by the court. ' Under any theory of the law, whether under the statute or the general rules of procedure, appellants having failed to object and having paid the assessment, we cannot inquire into any question going to the procedure. All informalities, as well as all defenses going to the amount of the assessment, are merged in the order of confirmation. The order of confirmation is not subject to collateral attack unless made void by some sub-

sequent proceeding. No general rule in special assessment cases is subject to as few exceptions as this. Hamilton, Law of Special Assessments, §§ 633, 634; *New Whatcom v. Bellingham Bay Imp. Co.*, 16 Wash. 131, 47 Pac. 236; *Potter v. Whatcom*, 25 Wash. 207, 65 Pac. 197; *Martin v. Olympia*, 69 Wash. 28, 124 Pac. 214; *North American Lumber Co. v. Blaine*, 89 Wash. 366, 154 Pac. 446.

The burden of appellants' plea is that it was the duty of the city, having succeeded to the former corporation of Ballard, to pay at least the $7,500 recovered in the condemnation suit before coming onto the property of private owners. However appealing to the conscience this plea may be, it is without legal effect in a collateral suit. It is no more than a plea, a defense which, if permissible at all, might have been urged at the time the roll was made up and still open to objections. If then found to be meritorious, it could have been passed upon by the council, subject, of course, to a right of appeal to the superior court if rejected by that body.

The city had jurisdiction of the subject-matter. To deny it the power to assess, there must be more than a showing of a lack of benefit, or that the assessment is too high, or that proper credits have not been given. Page and Jones, Taxation by Local and Special Assessments, § 933. There must be a lack of original jurisdiction to make the improvement. We understand this to be the meaning of Laws 1911, p. 455, § 23 (Rem. Code, § 7892-23).

Counsel cites many cases from this court holding to the principle that a court will interfere to prevent the collection of an assessment where the council had no jurisdiction of the subject-matter, or had so far departed from the forms of the statute as to oust itself of jurisdiction. Some of the cases cited have been seriously questioned if not really overruled. But in none of them is it held that the rule relied on would apply to such a state of facts as is disclosed in the record before us.

The city had power to make the assessment. An erroneous exercise of that power, although operating as a denial of a positive right, will not void a proceeding so as to make it vulnerable to collateral attack. This is always so where the thing complained of must be made to appear by resort to facts *dehors* the record of the original proceeding, for it is fundamental that courts will not hear, on collateral attack, nonjurisdictional objections which should have been urged before the tribunal created to hear and determine.

We find no merit in the contention that, inasmuch as the assessment was made necessary solely by reason of the government project, this is not such an improvement as to warrant assessment of appellants' property as for a local improvement.

The raising of the streets is no part of the government project. If, by the raising of the waters, certain streets are flooded, it is the province as well as the duty of the city authorities to grade the streets to a proper level. Neither the conditions nor the cause of the conditions calling for the improvement in any way deprive the city of jurisdiction to improve its streets. If, in doing so, it fails to properly credit a proportionate amount of money collected upon a general judgment to abutting property, or which is the same thing, makes a greater assessment than should be laid upon the property, the remedy is in the proceeding and under the statute. *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, is not in point. In that case the amount of damage and benefit to the particular lot had been made the subject of a judicial inquiry. The judgment was held final as against a subsequent attempt of the city to satisfy its judgment by resort to the local improvement statutes. The only time the question of benefits to the particular property involved in this case has ever been considered was under ordinance No. 30,389. The case falls more nearly within the reasoning of the court in *Grandin v. Tacoma*, 87 Wash. 98, 151 Pac. 254.

Having neglected to assert their present plea as a defense in the assessment proceeding and having paid the assessment, appellants are without present remedy.

Affirmed.

ELLIS, C. J., MAIN, and WEBSTER, JJ., concur.