[No. 17255.  *En Banc.*  December 27, 1922.]

R. A. LEE *et al.*, *Appellants*, v. THE CITY OF OLYMPIA,
*Respondent.*[1]

MUNICIPAL CORPORATIONS (219) — LOCAL IMPROVEMENTS — ASSESS-
MENTS — AGREEMENTS WITH CITY.  Where landowners had dedicated
land to a city for highway purposes under a contract that their
abutting land should be free from assessment for the improvement
of the street, but they failed to appear before the city council at
the time fixed for the hearing upon the assessment roll, they are
concluded and cannot thereafter attack the assessment, in view of
Rem. Comp. Stat., § 9375, expressly so providing (MACKINTOSH and
PEMBERTON, JJ., dissent).

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered December 31,
1921, dismissing an action to set aside a local assess-
ment, upon sustaining a demurrer to the complaint.
Affirmed.

*Troy & Sturdevant* and *Geo. F. Yantis,* for appel-
lants.

*George R. Bigelow* and *Frank C. Owings,* for re-
spondents.

HOLCOMB, J.—The facts giving rise to this action
are identical with those in the case of *Giles v. Olympia,*
115 Wash. 428, 197 Pac. 631, with one exception. In
that case, the plaintiffs appeared before the city council
to protest against the assessment fixed, and appealed
from a judgment confirming the assessment to the
superior court. In this case, the plaintiffs, the owners
of six separate lots or tracts of land, made no appear-
ance at the time fixed for hearing upon the assessment
roll, or at any other time before the city council, but
began their action originally in the superior court to
set aside the assessments levied against their property,

[1]Reported in 211 Pac. 883.

and to recover certain sums paid by some of them upon the assessments. The assessments involved are under the same local improvement district, No. 263, as in the *Giles* case, *supra*. The same dedication and grant of right-of-way and contract therefor between the city and the predecessors in interest of these plaintiffs is relied upon as in the *Giles* case.

The controlling question in this case is whether plaintiffs lost the benefit of the contract, and their right thereunder by failing to appear and protest to the city council. It is on that ground that the superior court sustained the demurrer of defendant to the complaint of plaintiffs, and the plaintiffs, standing upon their complaint and refusing to plead further, the action was dismissed.

Appellants claim that the city council was without jurisdiction to levy assessments against their property by reason of the dedication and contract hereinbefore referred to. In furtherance of this contention, they urge, first, that there can be no waiver of a jurisdictional matter; second, no jurisdiction can be conferred by waiver; third, the matter involved herein was jurisdictional; fourth, the facts herein do not warrant the application of any rule of estoppel against plaintiffs; fifth, the city must be estopped to claim that it ever had jurisdiction to make the assessments complained of; sixth, the statute relied on by defendant does not operate to validate a tax which is void for want of jurisdiction; and seventh, the language of the statute is such as to show that its purpose was to limit the method of correction of valid assessments where the assessment is voidable by reason of defects in procedure or is excessive, but not to validate a void tax.

Cases are cited from this court where we have held that, where the body levying the street improvement

has never acquired jurisdiction to act in the premises, and therefore the assessment is absolutely void, failure to object to the assessment in the manner prescribed by statute does not operate as a waiver, and the property owner is not estopped from later denying his liability for the amount of his assessment, citing *Howell v. Tacoma,* 3 Wash. 711, 29 Pac. 447, 28 Am. St. 83; *Pierce v. Tacoma,* 3 Wash. 785, 29 Pac. 449; *Monk v. Ballard,* 42 Wash. 35, 84 Pac. 397; *Sanderson v. Ballard,* 42 Wash. 697, 84 Pac. 399; *Kuehl v. Edmonds,* 85 Wash. 307, 148 Pac. 19; *Richardson v. Seattle,* 97 Wash. 371, 166 Pac. 639, 168 Pac. 513; *Sanderson v. Seattle,* 95 Wash. 582, 164 Pac. 217; *In re Patterson,* 98 Wash. 334, 167 Pac. 924.

Many of the above cited cases, it is true, were cases where the original proceeding was one brought in a court of general jurisdiction to set aside invalid assessments. The case of *Kuehl v. Edmonds, supra,* was later overruled on rehearing *En Banc* in 91 Wash. 195, 157 Pac. 850.

The case of *Richardson v. Seattle, supra,* principally relied upon by appellants to establish their right to proceed as they have in this action, does not sustain them. While in that action, which was an original action brought in the superior court to cancel a local improvement assessment where no objections were filed or appeal taken by respondents on the assessment proceedings, and which sustained the right of plaintiffs to recover, it was pointed out that their rights arose under proceedings begun for the assessment of property long prior to the passage of the act of 1911, cited as Laws of 1911, p. 441, ch. 98, Rem. Code, § 7892-1, *et seq.* [Rem. Comp. Stat., § 9352]; that the rights of the plaintiff under such proceedings were preserved by § 70 of that same chapter [Rem. Comp. Stat., § 9423]. No such condition exists in this case. The

act of 1911, *supra,* provided for appearance and objections such as were made in the *Giles* case, *supra,* and provided further, in § 23 thereof, that, when any assessment roll shall have been confirmed by the governing body it,

"shall be conclusive in all things upon all parties, and can not in any manner be contested or questioned in any proceedings whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this act, and not appealing from the action of the council in confirming such assessment roll in the manner and within the time in this act provided. No proceeding of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor." Rem. Comp. Stat., § 9375.

These proceedings were not originated until long after the enactment of the foregoing statutes of 1911.

Under the above provisions of the statute the appellants have failed to state a cause of action. We cannot assent to the contention that the city council was without jurisdiction in the premises.

"The city had jurisdiction of the subject-matter. To deny it the power to assess, there must be more than a showing of a lack of benefit, or that the assessment is too high, or that proper credits have not been given. Page & Jones, Taxation by Local and Special Assessments, § 933. There must be a lack of original jurisdiction to make the improvement. We understand this to be the meaning of the laws of 1911, p. 455, § 23. (Rem. Code, § 7892-23)." *Sanderson v. Seattle,* 95 Wash. 582, 164 Pac. 217.

So here, the city having jurisdiction of the subject-matter and proceeding in the manner required by law, had jurisdiction of the parties, that is, of the owners of the lands to be assessed. Having jurisdiction of

the owners, it was incumbent upon them to appear and by objections show that the governing body had no right to assess their property for the improvement, and why. This they did not do. From an adverse decision upon such objections, the statute gives them the right to appeal, as was done in the *Giles* case. Therefore they had no right to attack the assessments by an independent action.

The demurrer to the complaint was properly sustained.

Judgment affirmed.

PARKER, C. J., TOLMAN, MAIN, FULLERTON, BRIDGES, and MITCHELL, JJ., concur.

MACKINTOSH and PEMBERTON, JJ., dissent.