[No. 19648.  Department Two.  April 15, 1926.]

TOWN OF BREWSTER, *Respondent*, v. W. C. HAMILTON
et al., *Appellants*.[1]

[1] MUNICIPAL CORPORATIONS (258)—LOCAL IMPROVEMENTS—ASSESS-
MENT—WAIVER OF OBJECTIONS.  Where notice of confirmation of
local assessments has been given, as required by Rem. Comp.
Stat. § 9373, and no objections or appeal taken, under § 9375,
confirmation is conclusive of the regularity and validity of the
proceedings; and the jurisdiction of the city cannot be ques-
tioned on account of irregularities in the preliminary notice,
specifications, construction and approval of the work, or the
distribution of the benefits.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered March 10, 1925,
upon findings in favor of the plaintiff, in an action to
foreclose local assessment liens.  Affirmed.

*Peter McPherson,* for appellants.
*Johnson & O'Connor,* for respondent.

PARKER, J.—The plaintiff, Town of Brewster, a
municipal corporation of the fourth class, commenced
this action in the superior court for Okanogan county
seeking foreclosure of local sidewalk assessment liens
against the property of the defendants.  A trial upon
the merits resulted in a judgment of foreclosure
against the several lots as prayed for, from which the
defendants have appealed to this court.

On May 25, 1920, the town council passed a resolu-
tion ordering the construction, at the expense of the
abutting property owners, of "a cement sidewalk 8 ft.
in width on the northerly side of Bruce avenue between
Second and Fourth avenue; and a cement sidewalk
8 ft. in width on the southerly side of Bruce avenue
between Second and Fourth avenue;" according to

[1]Reported in 244 Pac. 973.

specifications adopted that day.  The resolution directed its publication, and also notice to the property owners that they would have sixty days within which they might themselves construct the sidewalk in front of their respective properties.  The resolution seems not to have been published, but there was an attempt made to notify the several property owners by delivering to them copies thereof, a considerable number of whom did not so receive notice of the resolution.  No portion of the proposed sidewalks having been constructed within the sixty days, on August 16, 1920, the council invited bids for the construction of the whole of the sidewalks, and having received bids therefor, on August 28, 1920, awarded a contract for the work to one of the bidders.  Thereafter the work was completed.

There does not seem to have been any formal acceptance of the work by an engineer acting for the city.  However, thereafter the council caused an assessment roll to be made up, charging and apportioning the cost of the improvement to the abutting property according to benefits resulting thereto, as the council conceived such benefits to be.  Thereafter there seems to have been some informal objections made to the assessment roll, and the council made some corrections therein, though, when considering such objections and making such corrections, the question of final approval and confirmation of the assessment roll was not before the council.

Thereafter the council caused due notice of the preparation and filing of the assessment roll, as corrected, and of the proposed final hearing thereon to be had before the council at the town council room on April 12, 1921, at 8:30 p. m., to be published in the Brewster Herald, a newspaper published and of gen-

eral circulation in the town. Thereafter at the time and place fixed for such hearing, the matter came on to be heard, and no one appearing or making any objections to the assessment roll, as then prepared and corrected, the council passed an ordinance in due form confirming and approving it. Thereafter notice being given to the owners of the several lots of the amount of the several assessments charged against them, and the particular assessments here in question becoming delinquent, this action was commenced by the town seeking foreclosure of the assessment liens so established.

[1] It is claimed in behalf of appellants that judgment of foreclosure should not be awarded, because of irregularities occurring in the initiation and prosecution of the improvement and assessment proceedings; the argument being, that such irregularities so far impair the jurisdiction of the council in the premises, that the confirmation of the assessment roll by the final ordinance passed in that behalf was ineffectual to establish assessment liens against the several lots. The claimed irregularities, as we understand counsel for appellants, are principally these: (1) That no sufficient notice of the intention of the council to make the improvement, or of the passing of the original resolution in that behalf, was given to the property owners; (2) that the specifications for the improvement were insufficient; (3) that the sidewalks were not constructed upon the proper grade and were in other respects defectively constructed; (4) that there was no approval of the work upon its completion by any engineer in behalf of the city; and (5) that the assessment was not according to benefits accruing to the several lots.

Under some of our earlier statutory provisions and decisions, as in *Buckley v. Tacoma*, 9 Wash. 253, 37

Pac. 441, there might be some ground for arguing that some of these alleged irregularities would so impair the jurisdiction of the council to proceed with the improvement and levy the assessments as to render the final assessment and charge against the several lots invalid and of no effect. But, under our general local improvement law of 1911 relating to local improvements in cities and towns of all classes, none of these claimed irregularities would deprive the council of jurisdiction to proceed with the improvement and the levying of an assessment to pay the cost thereof, beyond cure by final confirmation of an assessment roll upon due notice, as that law provides. The assessment roll having been prepared and due notice of the hearing thereon as to its confirmation having been given, as required by § 9373, Rem. Comp. Stat., and no objection to the roll having been made, its confirmation by the council rendered "the regularity, validity and correctness of the proceedings" conclusive. Section 9375, Rem. Comp. Stat. If objections be made against the assessment, and have been overruled by the council and the assessment confirmed notwithstanding the objections, the objectors might thereupon have appealed to the superior court from the action of the council in that behalf. Section 9375, Rem. Comp. Stat. But this is not an appeal from the council's confirmation of the roll. These provisions of the general local improvement statute of 1911, and similar provisions in prior statutes, have been given full force and effect by repeated decisions of this court. *Rucker Brothers v. Everett*, 66 Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582; *Allen v. Bellingham*, 77 Wash. 469, 137 Pac. 1016; *Grandin v. Tacoma*, 87 Wash. 98, 151 Pac. 254; *Lee v. Olympia*, 122 Wash. 616, 211 Pac. 883. The claimed irregularities were cured by the final hearing and the

decision of the council thereon confirming the assessment roll.

It is plain that the judgment of foreclosure must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.