[No. 20013.    Department One.    July 7, 1926.]

## LUCY W. REITZIE et al., Appellants, v. TOWN OF KIRKLAND et al., Respondents.[1]

[1] MUNICIPAL CORPORATIONS (230, 258)—PUBLIC IMPROVEMENTS—
NECESSITY OF NOTICE TO OWNERS—FAILURE TO MAKE OBJECTION.
Where a city council desires to include, in a local improvement
district, property outside of a normal district of one-half block
on each side of the street improved, it must proceed to spread
the reassessment under the provision of Rem. Comp. Stat.,
§§ 9395 to 9398, so that property owners will be given an oppor-
tunity to be heard, or the proceedings will be void and subject
to collateral attack.

Appeal from a judgment of the superior court for
King county, Paul, J., entered March 29, 1926, dis-
missing an action to enjoin a local improvement
assessment upon sustaining a demurrer to the com-
complaint. Reversed.

*Wright, Froude, Allen & Hilen,* for appellants.

*J. E. Marshall* and *Preston, Thorgrimson & Turner,*
for respondents.

HOLCOMB, J.—This appeal results from an order
sustaining a demurrer to the amended complaint, after
which appellants refused to plead further, and the
action was dismissed.

The contest involves only the validity of certain local
improvement assessments made against the property
of appellants by respondent, the town of Kirkland.

The amended complaint alleges, in substance, that
on or about April 20, 1925, the council of the town of
Kirkland passed an ordinance known as No. 247, pro-
viding for the improvement of certain streets as
follows:

[1]Reported in 247 Pac. 735.

"Kirkland Avenue from Lake Avenue to the city limits on the north side, and fram Blau's Chevrolet Garage property on the south side to the intersection of said Kirkland Avenue and the state aid road, and the state aid road on the north and east sides to the city limits."

It is also alleged that ordinance No. 247 created a local improvement district to be known as District No. 74. The property included in the district being that immediately adjacent and vicinal to the streets improved in the district, one-half block from the marginal lines of the streets. On May 20, 1925, the council awarded a contract for the work, and the contractors, within a few days thereafter, commenced the work provided for in their respective contracts.

On June 26, 1925, the council passed an ordinance numbered 256, purporting to amend ordinance No. 247 by providing for additional improvements upon portions of the streets included within the original ordinance. No additional contract was awarded for the doing of the additional work, but the same contractors performed such work, part of it being done by force account, and part of it on the same unit basis specified in the original contract of May 20.

On August 3, 1925, the council passed another ordinance, numbered 261, purporting again to amend Ordinance No. 247, by providing for additional improvements upon the streets within the local improvement district, No. 74. The ordinance of August 3, also created an enlarged district, which, however, was given the same number and known as local improvement district No. 74. This ordinance also provided that the cost of the total improvement, as finally determined, should be divided so that $17,000 would be assessed against the property within the original local improvement district, and $12,000 against the property

within the enlarged district but not within the original district. No new contract was let for the additional work provided for by the ordinance of August 3, but such additional work was done by the same contractors to whom had been awarded the original contracts under ordinance No. 247, the work being done either by force account, or upon the same unit basis as provided for in the original contracts.

It is also alleged that the council of Kirkland had discovered that the work was costing much more than originally contemplated, and that the assessments upon the lands in the original district would, therefore, be much heavier than supposed, and that the creation of the enlarged district was for the purpose of providing additional funds. It is also alleged that the division of the cost by assessing $12,000 against the property within the enlarged district, but not within the original district, was an arbitrary amount fixed by the council, and had no relation to the cost of the additional improvement provided for by the ordinance of August 3. It is then alleged that the result of the council's action, in thus arbitrarily creating an enlarged district and assessing the property brought into the improvement district without relation to the cost of the additional improvements ordered, is, that the property in the enlarged district and distant from the improvement is assessed much heavier than the property in the original district vicinal to the improvement. In many instances, the assessment against these distant lots is virtually three times as much per lot as the assessment against similar lots within the original district, and necessarily much nearer to the streets improved.

It is alleged that none of the property belonging to the various appellants is within the boundaries of the

improvement district as originally established, but is all within the boundaries of the district as enlarged. None of the appellants had any actual notice that their property was being assessed for the improvement, until after the time had expired to appeal from the assessment roll created. The city, however, caused notice of hearing on the assessment roll to be published in the official newspaper, as shown by a copy thereof attached to the amended complaint as exhibit "C."

The amended complaint prays that the assessment against the property of appellants be declared void, and the town permanently enjoined from attempting to collect any such assessment.

The copy of the notice incorporated in the complaint as exhibit "C," which was published August 6, and August 13, 1925, gave notice that the assessment roll for local improvement district No. 74, under ordinance No. 261, for the improvement of Kirkland avenue from Lake avenue to the city limits on the north side, and from Blau Chevrolet Garage property on the south side to the intersection of the said Kirkland avenue and the state aid road, by putting in cement sidewalks with curbs and gutters and proper drainage, and the state aid road on the north and east sides to the city limits on the south and west side from the intersection of Kirkland avenue and the state aid road to Jackson street by putting in cement sidewalks with curb and gutter and proper drainage, and by grading and graveling Kirkland avenue from Lake avenue to the city limits, and state aid road from Kirkland avenue to the city limits and such other work as may be necessary thereto, is on file in the office of the town clerk; that a hearing would be had thereon in the council chambers in the town of Kirkland at 8 o'clock p. m. on August 31, 1925, and all persons desiring to object

thereto were notified to make such objections in writing and file the same with the town clerk at or prior to the date fixed for such hearing.

Notice was also given that, at the time and place fixed and at such other time as the hearing may be continued to, the council of the town would sit as a board of equalization for the purpose of considering such roll and considering objections made thereto or to any part thereof, and would correct, revise, raise, lower, change or modify the assessment roll or any part thereof, or set aside such roll and order said assessment to be made *de novo,* as to the council shall seem just and equitable, and then proceed to confirm the same by ordinance.

The position of appellants is: that ordinance No. 261, and resolution No. 116 on which it is based, are not original proceedings, but the proceedings had been initiated by the former ordinance, No. 247, based upon the resolution of intention to make such improvement, which originally created local improvement district No. 74, for the improvement of the streets in question, the normal district of which, under the law, would extend to a distance of one-half block from the marginal lines of the streets improved, on each side; that there never was, under the original proceedings to improve the streets in question, any resolution or legislation creating district No. 74 as an enlarged district, and that ordinance No. 261, and resolution No. 116, attempting to create an enlarged district extending several blocks on each side of the marginal lines of the streets improved, are wholly void.

To the contrary, respondent contends that the courts cannot go back of ordinance No. 261, and resolution No. 116, and that they are, to all intents and purposes, original proceedings, and are valid. It is asserted that

there is no question raised but that the improvement is one which the council had a right to create an enlarged district for, and that there is no claim that the amount finally assessed is more than the actual cost of the improvement.

Respondent concedes that § 9336, Rem. Comp. Stat. [P. C. §§ 1272, 1273], provides that the resolution initiating the improvement must describe the enlarged district, and the ordinance ordering the improvement must also describe the district as defined in the preliminary petition or resolution. It is then insisted that this procedure was followed in resolution No. 116, and ordinance No. 261, and that, as against "a collateral attack" the court must assume that resolution No. 116, and ordinance No. 261 did initiate the proceedings, and appellants are now estopped to raise the question under the provisions of §§ 9371 and 9375, Rem. Comp. Stat. [P. C. §§ 1007, 1011].

Section 9371, *supra,* provides that the council may continue the hearing upon any petition or resolution provided for in the act and retain jurisdiction thereof until finally disposed of. It is also provided that the action and decision, as to all matters passed upon by it in relation to any such petition or resolution, shall be final and conclusive.

Section 9375, *supra,* among other things, provides that the determination of the council upon the assessment roll shall be final and conclusive as to legality, validity and correctness of the proceedings, and of the assessment thereunder, and cannot be contested or questioned, in any proceeding whatsoever, by any person not filing written objections to such roll in the manner and within the time provided in the act, and not appealing from the action of the council in confirming the assessment roll in the manner and within the time provided; and that no proceeding of any kind

shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment or the sale of any property to pay such assessment, etc., provided that the section shall not be construed as prohibiting injunction proceedings to prevent the sale of any real estate upon the grounds (1) that the property to be sold does not appear upon the assessment roll, or (2) that the assessment has been paid.

In support thereof, respondent cites *Rucker Brothers v. Everett,* 66 Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582; *Sanderson v. Seattle,* 95 Wash. 582, 164 Pac. 217; *Giles v. Olympia,* 115 Wash. 428, 197 Pac. 631, 16 A. L. R. 493; *Lee v. Olympia,* 122 Wash. 616, 211 Pac. 883, and *Wade v. Tacoma,* 131 Wash. 245, 230 Pac. 99.

On the other hand, appellants insist that this case is controlled by our decisions in *Seattle & Puget Sound Packing Co. v. Seattle,* 51 Wash. 49, 97 Pac. 1093, and *Northern Pacific R. Co. v. Walla Walla,* 114 Wash. 153, 194 Pac. 962.

In the last cited case we held that when property is included in an assessment roll, which is not subject to assessment, the proceedings are void, and may be attacked in any manner, although no objections were made to the confirmation of the roll. To the same effect was *Seattle & Puget Sound Packing Co. v. Seattle, supra.*

[1] It is to be noted in this case, that the notice of hearing under ordinance No. 261, and resolution No. 116, set forth in appellants' amended complaint, gave notice of hearing on the assessment roll for local improvement district No. 74, which improvement district had been created by ordinance No. 247. Under that ordinance, there was no notice of intention to create an enlarged district assessing the property for special benefits for the improvement and many blocks distant from the streets to be improved. The normal district

under the statute is one-half block each side of the marginal lines of the street to be improved. Therefore, when property owners outside of these marginal lines had notice of the creation of the improvement district for the improvement of these particular streets, they at the same time had notice under the law that a district would be created which extended one-half block from the marginal limits on each side of the street to be improved. That being the normal district, such notice is implied.

If, therefore, under the statute authorizing enlarged districts, the city council desired to include property outside the normal district, it was necessary for it, in its ordinance creating the district, to so declare, and describe the property included outside of the normal district, upon the theory that it would be specially benefited. Unless specially benefited, it could not be included.

Appellants, therefore, are in the same position as the property owner whose property was attempted to be assessed in the *Northern Pacific R. Co. v. Walla Walla* case, *supra,* and the case which it followed in 51 Wash. 49, 97 Pac. 1093, *supra.*

We are therefore convinced that the proceedings of the council, in attempting to proceed as if an enlarged district had been created to include the property of appellants as specially benefited under ordinance No. 261, and resolution No. 116, are void.

The judgment is therefore reversed, and the respondents may, if they so desire, file an answer to the amended complaint and the trial court shall then proceed to the determination of the issues thus framed in accordance with the provisions of this opinion.

Tolman, C. J., Askren, Bridges, and Fullerton, JJ., concur.