[Nos. 29330, 29331. Department Two. July 20, 1944.]

THE CITY OF LONGVIEW, *Respondent,* v. THE LONGVIEW COMPANY, *Respondent,* J. J. LYNN *et al., Appellants.*

J. J. LYNN *et al., Appellants,* v. THE LONGVIEW COMPANY, *Respondent.*[1]

[1]Reported in 150 P. (2d) 395.

*Preston, Thorgrimson, Turner, Horowitz & Stephan,* for appellants.

*Hulbert, Helsell & Paul (Lombardi, Robertson, Fligg & McLean,* of counsel), for respondent The Longview Company.

*J. C. McCoy,* for respondent city of Longview.

BLAKE, J.—This appeal presents the question whether, before all bonds of a local improvement district are retired, a municipality may make refunds to assessment payers out of the funds of the district. Corollary to this question issues are presented as to the liability of the municipality and an assessment payer, to whom refunds have been made, to the bondholders. There is a minor issue: timeliness of filing of the bondholders' claim with the city clerk. The issues are made up in two cases, which were consolidated for trial in the superior court and on appeal to this court. One case was brought by the city of Longview under the declaratory judgment act against The Longview Company and J. J. Lynn, J. H. Edwards, and F. J. Zeithamel, Jr. Lynn, Edwards, and Zeithamel are holders of bonds of local improvement districts the funds of which had been depleted by refunds to The Longview Company and other assessment payers. The other action was brought by them against The Longview Company to recover the amount of the refunds received by the latter.

From judgments exonerating both the city and The Longview Company from liability, the bondholders appeal.

On the major issues the facts are not in dispute. It appears that, in 1925, the city of Longview initiated a number of improvements the costs of which were to be paid wholly by assessment upon property specially benefited. To this end local improvement districts were organized, estimates of cost made, assessment rolls prepared and duly filed with

the city clerk. Dates for hearing on the assessment rolls were fixed and notice given as required by law. No objections were made by any owners of the property on the ground that the amounts of the assessments in the several districts were in excess of the cost of the improvements. The assessment rolls were duly confirmed by the city council. No appeals were taken to the superior court from the orders of confirmation.

Thereafter, bonds of the respective districts were issued, as provided by law, in the amount of the assessments remaining unpaid, and sold at par. That all these proceedings were had in accordance with the statutes relating to the creation of local improvement districts and the issuance of bonds to pay the costs of the improvements, is not questioned. However, as a matter of fact, the total amount of the bonds issued in each district, together with the amount of assessments paid in prior to their issuance, was in substantial excess of the cost of the improvement. In the aggregate for all the districts, the excess amounted to some sixty thousand dollars. It is probable that all the bonds issued can never be retired from the various local improvement district funds; this for the reason that a considerable amount of property has been acquired by Cowlitz county under foreclosure of general tax liens, thus wiping out the assessments for local improvements.

Nevertheless, the city treasurer, on and prior to October 21, 1938, had refunded to The Longview Company and other assessment payers, on demands made by them pursuant to Rem. Rev. Stat., § 9351 [P. C. § 1072], approximately twenty thousand dollars from the funds of the various local improvement districts. In so far as pertinent to the problem before us, § 9351 provides:

"Any funds in the treasury of any municipal corporation belonging to the fund of any local improvement district after the payment of the whole cost and expense of such improvement, in excess of the total sum required to defray all the expenditures by such municipal corporation on account thereof, shall be refunded, on demand, to the payers into such fund. Each such payer shall be entitled to such proportion of such excess as his original as-

sessment bears to the entire original assessment levied for such improvement."

Whether, in the circumstances confronting us, the refunds were authorized by this statute, must be determined in the light of certain provisions of other statutes relating to the creation of local improvement districts and the issuance and payment of local improvement district bonds.

Remington's Revised Statutes, § 9375 [P. C. § 1011], provides:

"Whenever any assessment-roll for local improvements shall have been confirmed by the council or other legislative body of such city or town as herein provided, the regularity, validity and correctness of the proceedings relating to such improvement, *and to the assessment therefor,* including the action of the council upon such assessment-roll and the confirmation thereof, *shall be conclusive in all things upon all parties,* and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this act, and not appealing from the action of the council in confirming such assessment-roll in the manner and within the time in this act provided. No proceeding of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: Provided, that this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds (1) that the property about to be sold does not appear upon the assessment-roll, or (2) that said assessment has been paid." (Italics ours.)

■ We have repeatedly held that, in view of the explicit terms of this statute, none but jurisdictional defects in the proceedings will serve to defeat an assessment upon property of an owner who has failed to file objections to the confirmation of the assessment roll. Objections that an assessment was made without regard to benefits, or in excess of benefits, or in excess of actual cost of the improvement, or in excess of charter limitations, are not jurisdictional and will not serve to defeat the assessment. *Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353; *Lewis v. Seattle,*

28 Wash. 639, 69 Pac. 393; *Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686; *Rucker Bros. v. Everett,* 66 Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582; *Norman v. Spokane,* 67 Wash. 630, 122 Pac. 330; *Grandin v. Tacoma,* 87 Wash. 98, 151 Pac. 254; *Sanderson v. Seattle,* 95 Wash. 582, 164 Pac. 217; *Lee v. Olympia,* 122 Wash. 616, 211 Pac. 883; *State ex rel. Johnson v. Dayton,* 200 Wash. 91, 93 P. (2d) 909.

■ Now, we can see no practical difference in the situation presented here from that if The Longview Company were resisting the payment of assessments on its property in the first instance. In the ultimate, its right to retain the refunds must rest upon the theory that assessments upon its properties exceeded benefits and exceeded the cost of improvements. It, of course, could not, in the light of Rem. Rev. Stat., § 9375, and the decisions cited, have resisted collection of the assessments on such grounds.

We do not think that Rem. Rev. Stat., § 9351, was designed to permit a property owner to escape payment of assessments on a theory which would have availed him nothing in a proceeding looking toward their collection. To sustain the refunds, in the circumstances now confronting us, would accord § 9351 just that effect. So to construe it would not be in harmony with the construction we have given § 9375, nor would it comport with the express terms of Rem. Rev. Stat., § 9403 [P. C. § 1038], relating to the collection of assessments. Among other things, that section provides:

"In all cases where any sum is paid as herein provided the same shall be paid to the city treasurer, or to the officer whose duty it is to collect said assessments, and all sums so paid shall be applied solely to the payment of the cost and expense of such improvements *or the redemption of the bonds issued therefor.*" (Italics ours.)

In the light of this provision and the effect given by our decisions to § 9375, we conclude that refunds may not be made under § 9351 until all bonds regularly issued by a local improvement district have been redeemed.

■ It follows that both The Longview Company and the city of Longview are liable to the bondholders to the

extent funds belonging to the local improvement districts have been the subject of refunds purported to have been made pursuant to § 9351. (There is a limitation to the city's liability, however, which we shall hereinafter discuss.)

For, with respect to local improvement district funds, the city stands in the position of trustee to the bondholders and is liable to the latter for the wrongful diversion of such funds. *Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *North Western Lbr. Co. v. Aberdeen,* 22 Wash. 404, 60 Pac. 1115; *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710; *Hemen v. Ballard,* 40 Wash. 81, 82 Pac. 277; *Jurey v. Seattle,* 50 Wash. 272, 97 Pac. 107; *Keyes v. Tacoma,* 12 Wn. (2d) 54, 120 P. (2d) 533. And The Longview Company is liable to the bondholders in the amount it received as refunds from local improvement district funds on the principle that one who knowingly accepts trust funds through the wrongful act of a trustee himself becomes a trustee *de son tort* and must account to the *cestui qui trust.* 1 Perry on Trusts and Trustees (7th ed.), p. 434, § 245; Restatement of the Law, Trusts, p. 881, § 291 *et seq.*; 65 C. J., 986; *Glasgow v. Nicholls,* 124 Wash. 281, 214 Pac. 165, 35 A. L. R. 419; *Basshor Co. v. Carrington,* 104 Md. 606, 65 Atl. 360; *Cohnfeld v. Tannenbaum,* 176 N. Y. 126, 68 N. E. 141, 98 Am. St. 653.

That the bondholders are entitled to recover interest on the amounts diverted by the city in making refunds to The Longview Company and other assessment payers would seem manifest. Interest against a trustee begins to run from the time he repudiates the trust or wrongfully diverts trust funds from the objects of the trust. *Cook v. Staunton,* 295 Ill. App. 111, 14 N. E. (2d) 696; *Campbell v. Napier,* 182 Ky. 182, 206 S. W. 271; *Johnson v. Becker,* 251 Mich. 132, 231 N. W. 96. By the same token The Longview Company is liable for interest upon the amounts of refunds received by it from respective dates of payment.

The extent of the city's liability is dependent to a considerable extent upon the timely filing of the claim, for its liability must be predicated upon a claim duly filed in

accordance with Rem. Rev. Stat., § 9481 [P. C. § 665], which requires: "All claims for damages against any city or town . . . must be presented . . . and filed . . . within thirty days after the time when such claim for damages accrued." The statute is applicable to claims of holders of local improvement district bonds. *Jurey v. Seattle, supra; Johnson v. Endicott,* 123 Wash. 1, 211 Pac. 717; *Perkins v. South Bend,* 133 Wash. 349, 233 Pac. 655; *Lynn v. Longview,* 15 Wn. (2d) 528, 131 P. (2d) 164.

██ The statute begins to run against a *cestui que trust* from the time he acquires knowledge of the trustee's repudiation of the trust. *Keyes v. Tacoma, supra.* The claim in the instant case was filed November 12, 1938. It is undoubtedly effective to fasten liability on the city for all refunds made within thirty days prior to that date. Whether it is likewise effective with respect to refunds made more than thirty days prior to such date depends upon the time when the bondholders were chargeable with knowledge of the city's repudiation of its trust. In other words, it depends upon the time the bondholders were chargeable with knowledge that local improvement district funds had been refunded to assessment payers. It is quite clear from the evidence that none of the bondholders had personal knowledge of that fact more than thirty days prior to the time the claim was filed. Nevertheless, we think they were chargeable with such knowledge as early as the fore part of September, 1938.

██ Without reviewing the evidence we may say that we are convinced that the bondholders' committee, consisting of Lynn, Edwards, and Zeithamel, on August 23, 1938, duly appointed and delegated one C. K. Warrens to act as general agent, with power to act for the committee in the interest of the bondholders. We are thoroughly convinced that Warrens learned in the early part of September that local improvement district funds had been used to make refunds to assessment payers. The committee and the bondholders are themselves chargeable with knowledge of the fact as of the same time. *Staats v. Pioneer Ins. Ass'n,* 55 Wash. 51, 104 Pac. 185; *O'Daniel v. Streeby,* 77

Wash. 414, 137 Pac. 1025, L. R. A. 1915F, 654; *Petersen v. Pacific American Fisheries,* 108 Wash. 63, 183 Pac. 79, 8 A. L. R. 198; *Swasey v. Farr,* 158 Wash. 299, 290 Pac. 866.

We hold, therefore, that the liability of the city of Longview is limited to such refunds of local improvement district funds as were made subsequent to the period beginning thirty days prior to November 12, 1938.

The judgments are reversed and the causes remanded, with direction to enter judgments in accordance with the views herein expressed.

SIMPSON, C. J., ROBINSON, and MALLERY, JJ., concur.

MILLARD, J., dissents.

September 9, 1944. Petition for rehearing denied.

